UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BERNIE RAY MCGILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-43 |
| ) | |
| KNOX COUNTY, TENNESSEE et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [doc. 17], Plaintiff's Brief in Support of Summary Judgment [doc. 18], Defendants' Response to Motion for Partial Summary Judgment [doc. 37], and Plaintiff's Motion for an Extension of Time to File a Reply [doc. 40]. For the reasons herein, the Court will deny Plaintiff's Motion for Partial Summary Judgment and deny Plaintiff's Motion for an Extension as moot.

### I. BACKGROUND

Plaintiff Bernie Ray McGill ("Mr. McGill") was arrested for driving under the influence, [McGill Aff., doc. 43-7, ¶ 2], and booked into the Roger D. Williams Detention Facility, [*see* Patrick Aff, doc. 37-1, ¶ 3]. Roughly two days after his arrest, he was granted pre-trial release. [McGill Aff. ¶ 3; *see* Judgment and Waiver, doc. 25-3, at 1]. When reviewing Mr. McGill's file, however, Lieutenant Steven M. Patrick ("Lieutenant Patrick"), who is the Intake Director at the Roger D. Williams Detention Facility,

discovered that Mr. McGill had yet to serve three sentences from prior convictions. [Patrick Aff. ¶ 3]. Lieutenant Patrick contacted the Knox County Criminal Court Clerk's Office, which advised him that Mr. McGill had not served these sentences. [*Id.* ¶ 4]. Lieutenant Patrick then met with and informed Mr. McGill that "he would be serving the outstanding sentences." [*Id.* ¶ 5]. Although Mr. McGill explained to Lieutenant Patrick that he previously served these sentences and demanded his release, he remained imprisoned. [McGill Aff. ¶¶ 5–6, 8]. Mr. McGill's legal counsel later filed a Petition for Writ of Habeas Corpus [doc. 25-5] in the Knox County Criminal Court, which determined that Mr. McGill was being held on expired sentences and ordered his immediate release. [*See* Order for Immediate Release, doc. 25-6, at 1]. Mr. McGill spent between three and four weeks in detainment. [*See* McGill Aff. ¶¶ 2, 8; Crow Aff., doc. 43-8, ¶¶ 3–4].

As a result, Mr. McGill filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights under the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. [Second Am. Compl., doc. 25, ¶ 1]. According to Mr. McGill, Lieutenant Patrick's decision to hold him was "a direct result of Knox County Sheriff's Office Policy 9.8," [*id.* ¶ 42], which contains procedures for the release of inmates, [*see* Policy and Procedure Manual 1, doc. 25-4, at 1–10]. Mr. McGill argues that Policy 9.8 is facially unconstitutional and moves for summary judgment on this issue. [Mot. for Summ. J. at 1].[1] Specifically, Mr. McGill argues that a certain procedure in Policy 9.8 is

---

[1] Mr. McGill also moves for summary judgment on the issue of whether James "J.J." Jones ("Sheriff Jones") is entitled to qualified immunity. [Mot. for Summ. J. at 1]. The Court, however, has dismissed the claims against Sheriff Jones, both in his official capacity and individual capacity. [*See* Order, doc. 22, at 1–2; Order, doc. 46, at 1].

2

unconstitutional: "Anytime there is a question regarding a release of any type, notify a Supervisor. Do not release the inmate." [Policy and Procedure Manual at 2]. This procedure, however, does not appear in the version of Policy 9.8 that Defendants argue was in effect during Mr. McGill's incarceration. [Defs.' Resp. at 8–9; *see* Policy and Procedure Manual 2, doc. 32-1, at 1–9].

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party shows, or "point[s] out to the district court," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), that the record—the admissions, affidavits, answers to interrogatories, declarations, depositions, or other materials—is without a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a), (c). The moving party has the initial burden of identifying the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party discharges that burden by showing "an absence of evidence to support the nonmoving party's case," *id.* at 325, at which point the nonmoving party, to withstand summary judgment, must identify facts in the record that create a genuine issue of material fact, *id.* at 324.

Not just any factual dispute will defeat a motion for summary judgment—the requirement is "that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case under the applicable substantive law, *id.*, and an issue is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In short, the inquiry is whether the record contains evidence that "presents a sufficient disagreement to

3

require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. When ruling on a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

"[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [an] injury . . . the government as an entity is responsible under § 1983." *Hays v. Jefferson County*, 668 F.2d 869, 878 (6th Cir. 1982) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (citing *Monell*, 436 U.S. at 692–94). A policy abridges an individual's constitutional rights when it is facially unconstitutional—that is, unconstitutional "as written or articulated." *Id.* (citing *Monell*, 436 U.S. at 692–94).

"A facial challenge to a legislative Act is," however, "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating in a § 1983 action that "a plaintiff can only succeed in a facial challenge by 'establish[ing]

4

that no set of circumstances exists under which the Act would be valid,' *i.e.*, that the law is unconstitutional in all of its applications" (quoting *Salerno*, 552 U.S. at 745)). This rigorous standard applies not only to legislative acts but also to policies and regulations that originate in local-government settings. *See Gregory*, 444 F.3d at 752 (acknowledging that "[a] city's custom or policy can be . . . facially unconstitutional"); *see also* S*herbrooke Turf, Inc. v. Minn. Dep't of Transp.*, 345 F.3d 964, 971 (8th Cir. 2003) (applying *Salerno* to determine the facial validity of administrative regulations); *Tipton v. Univ. of Haw.*, 15 F.3d 922, 925–26 (9th Cir. 1994) (applying *Salerno* to determine the facial validity of a university's policy); Richard H. Fallon, Jr., *Fact and Fiction about Facial Challenges*, 99 Calif. L. Rev. 915, 967 n.321 (2011) ("[W]ritten rules and policies that are adopted by nonelected bodies—such as administrative agencies and state universities—are as amenable to facial challenges as the enactments of Congress and state legislatures[.]").

To rule on a facial challenge, a court must first examine the language of the statute, regulation, or policy subject to the challenge. *See United States v. Stevens*, 559 U.S. 460, 474 (2010) ("[T]he first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." (quoting *United States v. Williams*, 553 U.S. 285, 293 (2008))); *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 504–05 (1985) (analyzing the specific wording of a statute to determine whether it was facially unconstitutional); *Broadrick v. Oklahoma*, 413 U.S. 601, 618 n.16 (1973) ("[A] federal court must determine what a state statute means before it can judge its facial constitutionality."). In this case, the parties disagree over the language of Policy 9.8 that was in effect during Mr. McGill's

5

incarceration, Mr. McGill having filed one version of Policy 9.8 and Defendants having filed another. [*See* Defs.' Resp. at 8–9; *compare* Policy and Procedure Manual 1 at 1–10 *with* Policy and Procedure Manual 2 at 1–9]. A genuine issue of material fact therefore exists as to the language that comprises Policy 9.8, preventing the Court from engaging in "the first step" of analysis that is essential to any facial challenge. *Stevens*, 559 U.S. at 474.

## IV. CONCLUSION

Because the parties disagree over the contents of Policy 9.8, "it is impossible to determine whether [it] reaches too far," *id.*, and summary judgment is inappropriate. Mr. McGill's Motion for Partial Summary Judgment [doc. 17] is therefore **DENIED**. Mr. McGill's Motion for an Extension of Time to File a Reply [doc. 40] is **DENIED as moot**. The Court will enter an order consistent with this opinion.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge